IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVENO MILBERRY, ) | |
| ) | Civil Action No. 05 - 1158 |
| Plaintiff, ) | |
| ) | Judge Terrence F. McVerry |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| P.B.P.P. MS. BROWN, DOC CHARLES J. ) | |
| WHITE, ) | |
| ) | |
| Defendants. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.        RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

II.       REPORT

Plaintiff, Alveno Milberry, a prisoner confined at the State Correctional Institution at Houtzdale, Pennsylvania, has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. For the reasons that follow, the action should be dismissed because Plaintiff's allegations do not state a claim upon which relief may be granted.

A. Standard of Review

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1]

---

[1] Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§1915(h); 1915A(c).

Defendants are officers or employees of a governmental entity, *i.e.*, the Pennsylvania Department of Corrections (DOC) and the Pennsylvania Board of Probation and Parole (the Board). Plaintiff has been granted leave to proceed in forma pauperis in this action. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

### B. Liability under 42 U.S.C. § 1983

In order to assert liability pursuant to 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on*

---

2. *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

*other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

In his complaint, Plaintiff asserts that Defendants are liable based upon their requirement that he participate in a sex offenders treatment program (SOTP) as a condition to being released on parole. He claims that this requirement violates his rights as protected by the Double Jeopardy Clause of the Fifth Amendment.[3] The guarantee against double jeopardy consists of three separate constitutional protections: 1) it protects against a second prosecution for the same offense after acquittal; 2) it protects against a second prosecution for the same offense after conviction; and 3) it protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

As an initial matter, no legitimate claim has been established under 42 U.S.C. § 1983 against Defendant Brown as a member of the Pennsylvania Board of Probation and Parole. The federal courts universally agree that parole board members enjoy absolute immunity from damages liability for actions taken in performance of the board's official duties regarding the granting or denying of parole. *See, e.g.*, Johnson v. Rhode Island Parole Bd. Members, 815 F.2d 5, 8 (1st Cir. 1987); Thompson v. Burke, 556 F.2d 231, 236 (3d Cir. 1977); Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975); United States ex rel. Powell v. Irving, 684 F.2d 494, 496-97 (7th Cir. 1982); Evans v. Dillahunty, 711 F.2d 828, 830-31 (8th Cir. 1983); Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir.), *cert. denied*, 454 U.S. 1102 (1981); Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988). Accordingly, Defendant Brown is shielded by immunity while performing her official duties in reviewing and acting on petitions for parole. Therefore,

---

[3]. The Double Jeopardy Clause applies to the States through the Fourteenth Amendment. *See* Benton v. Maryland, 395 U.S. 784 (1969).

Plaintiff has not alleged any facts upon which to impose liability against Defendant Brown.

Plaintiff argues that the Parole Board violated his rights under the Double Jeopardy Clause by using his criminal offense as the basis for denying his release on parole. However, the scope of the Double Jeopardy Clause is limited to criminal prosecutions. *See, e.g.* Breed v. Jones, 421 U.S. 519, 528 (1975). A parole board hearing is not a criminal proceeding; thus, a parole board may deny parole, causing a convict to serve up to his maximum sentence, without violating the Double Jeopardy Clause. *See* United States ex rel. Lawson v. Cavell, 425 F.2d 1350, 1352 (3d Cir. 1970). It follows that Plaintiff's allegations do not state a violation of his rights as protected by the Double Jeopardy Clause of the Fifth Amendment. *Accord* Swisher v. Stovall, 1992 WL 295119, *1 (10th Cir. Oct. 13, 1992) (holding that double jeopardy protections are not triggered by requiring SOTP as condition of parole).[4]

III.     CONCLUSION

Based on the discussion above, it is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

---

4. The Court notes that Plaintiff admits on the face of his complaint that he did not exhaust his administrative remedies with respect to this claim as required by 42 U.S.C. § 1997e(a). Notwithstanding, 42 U.S.C. § 1997e(c)(2) provides that "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

objections to this report.  Any party opposing the objections shall have ten (10 days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

January 11, 2007

                                  Lisa Pupo Lenihan
                                  United States Magistrate Judge

cc:   The Honorable Terrence F. McVerry
       United States District Judge

       Alveno A. Milberry
       FL-9326
       SCI Houtzdale
       P.O. Box 1000
       Houtzdale, PA 16698-1000